705 A.2d 780

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. JOSEPH EGLES, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 1, 1997—Decided January 21, 1998.

---

Before Judges PETRELLA, SKILLMAN and LESEMANN.

*Daniel J. Carluccio*, Ocean County Prosecutor, attorney for appellant (*H. Steven Berkowitz*, Assistant Prosecutor, of counsel and on the Brief).

*M. Joseph Kurzrok*, attorney for respondent.

The opinion of the court was delivered by

LESEMANN, J.S.C. (temporarily assigned).

On appeal from a municipal court conviction, the Law Division found that the warrant portion of a complaint-warrant was invalid, as was the attempt to execute the warrant by arresting the defendant. Based on that finding, it dismissed the two count complaint charging defendant with disorderly conduct and resisting arrest.

The State argues that use of a warrant here was correct, but that, even assuming the contrary, the court should have amended the warrant-complaint, treated it as a summons-complaint and dealt with the complaint on its merits. It also argues that, in any event, the penalty for an improper warrant or an improper arrest is the suppression of any evidence obtained thereby, but not a dismissal of the complaint itself.

The bizarre set of facts that led to this appeal began when municipal police in Ship Bottom received a complaint from police in a neighboring town that someone at defendant's home in Ship Bottom was making harassing phone calls. The Ship Bottom police went to defendant's house and spoke to him. He was intoxicated. The conversation was amicable for a short time but defendant then ordered the police to leave, and they did so.

Defendant was apparently angry with the Ship Bottom police because of their visit. He then made at least two separate calls to

emergency phone number 911 asking that the State Police respond to what he called harassment by the Ship Bottom police. On each occasion the 911 operator called the Ship Bottom police who twice went to defendant's house to tell him that State Police procedures precluded their responding to calls within Ship Bottom and thus the State Police would not be answering his calls. On each occasion they asked defendant to stop making the 911 calls.

Defendant, who was a ham radio operator, then launched a broad-based plea for help, via his radio, addressed to anyone who might hear his call. Other operators throughout the East Coast received his message and called various New Jersey State Police offices, including those in Bloomfield, Bass River, Holmdel, and Hammonton. Not surprisingly, the State Police called the Ship Bottom Police, asking that they do something to stop the calls.

Having already visited defendant three times with no positive result, the Ship Bottom Police determined that the disruptive calls could be terminated only by arresting defendant. They called the municipal judge, apparently to obtain a warrant. The description of that call is incomplete and unclear. The judge did set a bail amount, presumably in anticipation of an arrest, but there is no indication that he heard any evidence of probable cause to justify a warrant, that he made a finding that there was such probable cause, or that he indicated even orally that he was issuing a warrant and authorizing the arrest. The police, however, interpreted the judge's comments as authorization for issuance of an arrest warrant. They determined to arrest defendant first, after which they would complete preparation of the warrant.

The police then went to defendant's home. When he opened the door, they told him he was under arrest for disorderly conduct. He replied with a vulgarity, slammed the door and retreated within the house. The police pushed open the door (which knocked defendant to the floor), hand-cuffed him and placed him under arrest. Thereupon they filled out and signed a complaint against him which contained two counts, one charging disorderly

conduct and the other resisting arrest. They also completed a warrant for his arrest.

Following trial in municipal court, the defendant was found guilty of disorderly conduct and resisting arrest. The court found that the disorderly conduct consisted of making 911 emergency calls when there was no emergency which, it said, constituted "false alarms"; and the resisting arrest consisted of defendant's slamming the door and retreating within his house after the police had told him he was under arrest. The court imposed a $500 fine for the disorderly persons offense and $250 for the resisting arrest charge.

On defendant's appeal to the Law Division, that court focused almost entirely upon what it conceived to be an improper arrest without a validly issued warrant. For reasons that are not clear, the court declined the State's request to amend the complaint to treat it as a complaint with summons, rather than a complaint with warrant. Similarly, without expressing a reason for its determination, the court also rejected the State's argument that the appropriate sanction for an invalid arrest should be the suppression of any evidence seized at the time of the arrest (there was none) and in no event should the complaint be dismissed. The court simply noted that it would "exercise its discretion" to dismiss the complaint because of the improper arrest, and it did so.

Initially, we note that, while we need not decide the issue, the State is probably correct that a warrant could well have issued here for defendant's arrest in connection with a complaint for disorderly conduct. R. 3:3–1(b)(3) provides that a warrant may issue on a complaint if the judge (or one of the other persons authorized to issue such a warrant) [1] "has reason to believe that the defendant is dangerous to himself or herself, others or property." Here the defendant's ongoing conduct certainly can be said

---

[1] Other persons authorized to issue a warrant include the clerk or deputy clerk of the court, or the administrator or deputy administrator of a municipal court. R. 3:3–1(a).

to have created a danger to others. He was diverting the attention of emergency operators, the state police and the local police. Three visits to his house had not ended his disruptive behavior and it was not unreasonable to believe that he would continue his phone and radio calls throughout the night. Particularly with the request from the State Police to stop the disruptive conduct, a warrant would have seemed justified.

However, assuming that to be so, the fact is that no warrant issued until sometime after the arrest and the Law Division judge was correct in regarding the police action as constituting an arrest without a warrant.[2] However, that does not explain the refusal to honor the State's request to amend the complaint to treat it as a complaint with summons rather than a complaint with warrant.

Rules 3:2–1, 3:2–2 and 3:3–1 (made applicable to the municipal courts by *R.* 7:3) deal with three different but related documents: a complaint, a warrant, and a summons.

A complaint, of course, sets out the charge against a defendant. *R.* 3:2–1(a) says that a complaint shall be a "written statement of the essential facts constituting the offense charged." It is to be made on a "form approved by the Administrative Director of the Courts" and, except for traffic and non-indictable offenses, is to be "on oath or by certification" before a judge or another person authorized to take complaints.

A summons and a warrant relate to process: the means by which a defendant is brought before a court to answer the charge set out in a complaint. *R.* 3:2–2 says that a "summons" shall be made on a "Complaint–Summons form." It shall be directed to the person named in the complaint and shall direct that person to appear before the court at a stated time and place. The summons is to be signed by "the judicial or law enforcement officer" issuing it.

---

[2] The State does not urge that there were sufficiently emergent conditions to justify a warrantless arrest and obviously the police thought there was ample time to obtain a warrant.

*R.* 3:2–3 deals with an "arrest warrant." It states that the arrest warrant "shall be made on a Complaint–Warrant form" and is to be signed by "the judge, clerk or deputy clerk, municipal court administrator, or deputy court administrator." [3]

As a matter of mechanics and convenience, the complaint is generally combined with the process document that accompanies it: either a summons or a warrant. Thus, as noted, the rules refer to a two part, combined document: either a "complaint-summons" (*R.* 3:2–2) or a "complaint-warrant" (*R.* 3:2–3). But, in either event, the complaint remains the same: the required statement of the offense charged, and the accompanying summons or warrant remains what it is: a means of process, related to, but not part of, the complaint.

*R.* 3:3–4 provides extraordinarily broad authority to amend a summons or warrant. Sub-section (a) states that,

No person arrested under a warrant or appearing in response to a summons shall be discharged from custody or dismissed because of any technical insufficiency or irregularity in the warrant or summons, but the warrant or summons may be amended to remedy any such technical defect.

And sub-section (b) goes even further, saying that if it should appear that a defendant is not guilty of an offense specified in a warrant or summons, but there is reasonable ground to believe he is guilty of some other offense,

the court shall not discharge or dismiss the defendant but shall forthwith cause a new complaint to be filed and thereupon issue a new warrant or summons.

■ The refusal to permit the State's proposed amendment here, and the dismissal of the complaint against defendant, are inconsistent with the principles set out in *R.* 3:3–4 and the other rules just discussed. Nothing in any of these provisions could be viewed as authorizing the drastic action taken here. Certainly

---

[3] *R.* 3:3–1 deals with the question of whether a summons or a warrant should issue in a particular case. Essentially it provides that a summons shall be used unless otherwise authorized by one of the persons designated in *R.* 3:2–3 and unless that person finds grounds for the issuance of a warrant. As noted, one such ground is the belief that the defendant is "dangerous" to others.

nothing suggests the propriety of dismissing a complaint—a separate document—because of a defect in the process that accompanied the complaint or the execution of that process. Rather, *R.* 3:3–4 mandates that any such defect be cured by amendment, and that neither the process itself, nor any defendant brought before the court pursuant to that process, should be dismissed or discharged. And to effect that objective a summons or warrant can be amended even to the extent of charging a new offense, in which event a new complaint is to issue, consistent with the amended process.

Certainly if amendments of the scope described in *R.* 3:3–4 are expressly permitted, there is no reason to reject the requested amendment here. This proposed amendment would have made no substantive change in the charges against the defendant and would have left the complaint unchanged. It should have been permitted.

▮ Further, even assuming that there were no such amendatory power and the defendant's arrest was totally improper, there is no basis for dismissing the complaint. The State is correct that the appropriate remedy for an improper arrest is suppression of any evidence that may have been seized in connection with that arrest. We know of no principle which would call for a dismissal of the entire complaint because a defendant is improperly arrested. Indeed, the rule is settled to the contrary: "an illegal arrest taints only the evidence that is the product of the arrest; it does not necessarily taint an entire prosecution." *State v. Mulcahy,* 107 *N.J.* 467, 482, 527 *A.*2d 368 (1987); *see also, United States v. Crews,* 445 *U.S.* 463, 477, 100 *S.Ct.* 1244, 1251, 63 *L.Ed.*2d 537 (1980); *State v. Hyman,* 236 *N.J.Super.* 298, 301, 565 *A.*2d 1086 (App.Div.1989).

▮ Nor is there any reason to impose such a drastic sanction here. In this matter the local police were confronted with a difficult situation, with an intoxicated and belligerent resident engaged in a course of irrational conduct which was having a disruptive effect on the law enforcement community. Their ac-

tions were reasonable, except for their mishandling of the warrant issue. That mistake should not lead to a dismissal of the entire complaint against defendant.

Defendant is, of course, entitled to the *de novo* review of his municipal court conviction which he has not yet received. Accordingly, the action of the Law Division in reversing the municipal court conviction and dismissing the complaint is reversed and the matter is remanded for hearing of the *de novo* appeal.

Reversed and remanded.