**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2528-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRIAN  A. MOORE, a/k/a
BRIAN J. MOORE, and
DAVID J. MOORE,

    Defendant-Appellant.

_____

Submitted October 31, 2018 – Decided January 31, 2019

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 14-09-2679.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael J. Confusione, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Adam D. Klein, Deputy Attorney General, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Tried to a jury, defendant Brian A. Moore was convicted of first-degree human trafficking by facilitating access to controlled dangerous substances (CDS), N.J.S.A. 2C:13-8(a)(1)(g) (counts four through seven); first-degree human trafficking by receiving value as an organizer, N.J.S.A. 2C:13-8(a)(2) (amended count eight);[1] and third-degree promoting prostitution, N.J.S.A. 2C:34-1(b)(2) (counts nine through fourteen). The jury acquitted defendant of first-degree human trafficking by causing or threatening to cause serious bodily harm, N.J.S.A. 2C:13-8(a)(1)(a) (counts one through three). During the trial, defendant was self-represented but had available the services of standby counsel.[2] On December 21, 2016, the judge sentenced defendant to the mandatory term of twenty years imprisonment without parole on merged counts four through eight. See N.J.S.A. 2C:13-8(d). Concurrent terms of four years subject to two years of parole ineligibility were imposed on each of the remaining convictions. Defendant appeals and we affirm.

_____

[1] On March 29, 2016, the judge before trial corrected the statutory cite on that count of the indictment to conform to the substance of the charge. For that reason, the final judgment describes it as an "amended" count.

[2] Defendant's first trial resulted in a mistrial. He then represented himself as well, however, he had a different standby attorney in multiple proceedings.

A-2528-16T3

The facts derived from the motion and trial record can be briefly summarized. On March 5, 2014, a Cherry Hill Police Department Special Investigations Unit officer arranged for a meeting with a suspected prostitute, whose suggestive photograph, name, and number were posted on a website known to advertise such services. The officer scheduled a meeting with "Tori" at a local motel at 8:00 p.m.

During police surveillance of the motel parking lot, defendant's gray Infiniti was observed discharging Tori at the front door of the building. The officer, in the guise of being a patron, admitted her into one of two adjoining motel rooms investigators had rented, and asked her about the cost of her services and the available options. After Tori responded, the officer placed $250 on a table. Tori put the money in her pocketbook and went into the bathroom to change. At that point, the officers in the adjoining room entered and confronted her. Tori acknowledged the reason for her presence and said her ride would return in an hour. When the Infiniti drove up to the motel front doors, defendant, who was driving, was arrested and searched.

Meanwhile, Tori told the officers that she feared defendant, whom she described as her pimp. She disclosed that she and three other women he controlled lived in a nearby motel room. Officers went to the location, rented

in the name of one of the women. With her written consent, they searched the room and seized defendant's laptop, a box of syringes, and three cell phones. All the women described to police the same business organization as had Tori: defendant drove the women to their assignations as prostitutes and to the city to buy drugs. On occasion, he would assault them if he perceived them to be disrespectful to him or thought they had stolen money from him. He collected their earnings, allowing them different percentages but at least enough cash back to purchase drugs and cigarettes. The women described being photographed in provocative garb so their pictures could be posted on the prostitution web page.

Defendant's laptop computer and cell phones, including the one seized from his Infiniti when it was moved into a parking space to await the arrival of a tow truck, were introduced into evidence at trial. The photographs and cell phone extraction information from the devices, obtained on a warrant, further corroborated the women's statements regarding defendant's prostitution ring.

Defendant's counseled brief raises the following points:

> Point 1
> The trial court erred in denying defendant's motion to
> suppress the invalid arrest warrant

4                                                                    A-2528-16T3

Point 2
The trial court erred in denying defendant's motion to suppress the policeman's warrantless seizure of defendant's watch, wallet, and cell phone

Point 3
Defendant's right to a fair jury trial was infringed

Point 4
Defendant's sentence is improper and excessive

Defendant's uncounseled brief raises the following points:

Point 1
The trial court erred in denying defendant's motion to suppress all evidence associated with the complaint warrant

Point 2
The trial court erred denying defendant's motion to suppress evidence derived from warrantless search and seizure of defendant's residence

Point 3
The trial court erred denying defendant's motion to suppress evidence from warrantless search of automobile

Point 4
The trial court erred denying defendant's motion to dismiss pursuant [to] <u>R.</u> 3:25-3 unreasonable delay

Point 5
Defendant's Sixth Amendment right has been violated via ineffective counsel

Point 6
Defendant's Sixth Amendment right to a fair trial was violated by means of withholding discovery

Point 7
Defendant was denied fair trial by means of prosecutorial misconduct in closing arguments

Point 8
The trial court erred denying defendant's motion to suppress evidence derived from violation of the New Jersey Wiretap Act

Point 9
The trial court erred denying defendant's recusal motion, denying defendant's right to a fair and impartial trial

## I.

We consider defendant's uncounseled brief to raise points of error so lacking in merit as to not warrant discussion in a written opinion. R. 2:11-3(e)(2). In the main, they are claims made based on general recitation of law having no relevance to the facts as revealed in the trial record. For example, the alleged New Jersey Wiretapping and Electronic Surveillance Control Act (the Act) violation is simply inapposite—defendant mistakenly believes it applies to a call one of the women made of her own volition to his cell phone. See N.J.S.A. 2A:156A-1 to -37.

We do not intend by our citation to <u>Rule</u> 2:11-3(e)(2) to dispose of defendant's ineffective assistance of counsel claim. Although there is a legitimate question as to whether the doctrine even applies to the services of standby counsel, the matter is best left to an application for post-conviction relief (PCR) under <u>Rule</u> 3:22. <u>See</u> <u>State v. Jones</u>, 219 N.J. 298, 310 (2014) (holding that "PCR proceedings offer the best opportunity for ineffective assistance claims to be reviewed"); <u>State v. Preciose</u>, 129 N.J. 451, 459-60 (1992) (holding that "Ineffective-assistance-of-counsel claims are particularly suited for post-conviction review because they often cannot reasonably be raised in a prior proceeding.").

II.

Defendant's counseled points also lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). Beginning with point one, the alleged technical deficiencies found in the arrest warrant are meaningless for two reasons. First, an arrest warrant later determined to be insufficient can be amended to remedy any defects. <u>R.</u> 3:3-4(a). Accordingly, while a warrant is in the process of being cured, "neither the process itself, nor any defendant brought before the court pursuant to that process, should be dismissed or discharged." <u>State v. Egles</u>, 308 N.J. Super. 124, 131 (App. Div. 1998). Thus,

even if the warrant was deficient at the time defendant was arrested, because the later indictment found the necessary probable cause, such an argument is moot. Second, the police were actively investigating after Tori's arrest and had ample probable cause to make a warrantless arrest of defendant. They witnessed him drop Tori off, she explained that he was her pimp, and the officers witnessed him return at the time he believed she would have completed providing prostitution services. It is well-settled that arrest warrants are not required in all cases. State v. Brown, 205 N.J. 133, 145 (2011). Once defendant committed a crime in the presence of police officers, an arrest could occur even without a properly obtained warrant, since police "have full power of arrest for any crime committed in said officer's presence and committed anywhere within the territorial limits of the State of New Jersey." N.J.S.A. 40A:14-152.1; see also State v. Dangerfield, 171 N.J. 446, 460 (2002) (N.J.S.A. 40A:14-152.1 authorizes police to make an arrest when a person commits a crime "in the presence of the arresting officer."). In other words, the officers saw him committing a crime.

The trial judge made extensive findings in her June 15, 2016 decision denying defendant's motion to suppress. We rely upon her analysis in addition to the inherent lack of merit to the arguments defendant makes.

The judge found the officers, who she considered "extremely credible," had ample probable cause to make the warrantless arrest of defendant. She further found that their decision to move his car was due to the fact it was parked at the front door of the motel, and not a parking space, and that they intended to tow it. Since the officers lawfully entered the vehicle to move it, they had the right to seize the cell phone they saw in plain view, as it was a likely source of evidence. A communications data warrant, which is not being challenged, was obtained to make extractions from the phone. Additionally, the judge rejected defendant's argument that the use by police of a call from Tori for a ride was a violation of the Act. The law does not apply to that scenario. The trial judge's rulings were well supported by the credible evidence in the record. State v. Mandel, 455 N.J. Super. 109, 113-14 (App. Div. 2018) (citing State v. Boone, 232 N.J. 417, 425-26 (2017)).

Defendant was taken into custody because he committed an offense in the presence of the officers, and was lawfully searched incident to that arrest. See State v. Daniels, 393 N.J. Super. 476, 480 (App. Div. 2007). The seizure of the cell phone from defendant's car was equally lawful because the item was in plain view. State v. Gonzales, 227 N.J. 77, 90 (2016).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2528-16T3