745 A.2d 550 (2000)
328 N.J. Super. 198
STATE of New Jersey, Plaintiff-Appellant/ Cross-Respondent,
v.
Harry IRRIZARY, Defendant-Respondent/ Cross-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 24, 2000.
Decided February 7, 2000.
*551 William H. Schmidt, Bergen County Prosecutor, for plaintiff-appellant/cross-respondent (Annmarie Cozzi, Assistant Prosecutor, of counsel and on the brief).
De Meo & LaVista, for defendant-respondent/cross-appellant (Anthony F. LaVista, Paterson, on the brief).
Before Judges PETRELLA, BRAITHWAITE and COBURN.
The opinion of the court was delivered by BRAITHWAITE, J.A.D.
On January 10, 1997, defendant sold two ounces of cocaine to an undercover sheriff's officer in the parking lot of the A & P Supermarket in Garfield. Defendant was arrested and indicted for second-degree distribution of cocaine, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); and two counts of possession of cocaine, N.J.S.A. 2C:35-10(a)(1).
Thereafter, defendant was advised of his trial date and the consequences should he fail to appear for trial. Specifically, defendant was advised that if he failed to appear, he would be tried in absentia. See R. 3:16(b); State v. Finklea, 147 N.J. 211, 686 A.2d 322 (1996), cert. denied, 522 U.S. 837, 118 S.Ct. 110, 139 L.Ed.2d 63 (1997); State v. Hudson, 119 N.J. 165, 574 A.2d 434 (1990). Defendant failed to appear and was tried in absentia and convicted of all counts.
Defendant subsequently moved for a new trial, asserting that he was not notified of his trial date. Defendant's application was denied. At sentencing, the State moved for the imposition of an extended term pursuant to N.J.S.A. 2C:43-6(f) because defendant had a prior conviction for possession with intent to distribute a controlled dangerous substance in 1985. The judge denied the State's motion, saying:
I'm not satisfied the State has met its burden to prove to this Court that he is eligible for the extended term as a persistent drug offender under the Comprehensive Drug Enforcement Act so I'm going to deny the State's request for an extended term.
The judge then sentenced defendant to an eight-year custodial term with a three-year period of parole ineligibility on the possession with intent conviction and two concurrent five-year terms on the two possession convictions.
The State now appeals and contends:
POINT I
THE TRIAL COURT ERRED IN FINDING THAT THE STATE FAILED TO PROVE THAT DEFENDANT WAS ELIGIBLE FOR SENTENCING AS A REPEAT DRUG OFFENDER UNDER N.J.S.A. 2C:43-6f; ACCORDINGLY, DEFENDANT'S SENTENCE IS ILLEGAL.
A. The Law Regarding Extended Terms for Repeat Drug Offenders
B. The Sentencing Hearing
C. [The Trial Judge's] Ruling Cannot Be Reconciled with the Statute and the Lagares Guidelines and Resulted in Defendant Receiving an Illegal Sentence
D. The State Has the Right to Appeal an Illegal Sentence
We agree with the State and now reverse and remand for resentencing to an appropriate extended term.
Defendant filed a notice of cross-appeal. However, the arguments in his brief urge only that the trial judge did not err in denying the State's motion for an extended term sentence, and do not raise any additional issues.
We begin by noting that the State clearly has a right to appeal. "Any action taken by the court in imposing sentence shall be subject to review by an appellate court." N.J.S.A. 2C:44-7.
Here, the trial judge apparently perceived that the State's motion for extended term sentencing was based on the persistent offender statute, which has a ten-year *552 limitation requirement. See N.J.S.A. 2C:44-3(a). The State's motion was premised, however, upon N.J.S.A. 2C:43-6(f), which has no ten-year limitation period. N.J.S.A. 2C:43-6(f) provides:
A person convicted of manufacturing, distributing, dispensing or possessing with intent to distribute any dangerous substance or controlled substance analog under N.J.S. 2C:35-5, of maintaining or operating a controlled dangerous substance production facility under N.J.S. 2C:35-4, of employing a juvenile in a drug distribution scheme under N.J.S. 2C:35-6, leader of a narcotics trafficking network under N.J.S. 2C:35-3, or of distributing, dispensing or possessing with intent to distribute on or near school property or buses under section 1 of P.L.1987, c. 101 (C.2C:35-7), who has been previously convicted of manufacturing, distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog, shall upon application of the prosecuting attorney be sentenced by the court to an extended term as authorized by subsection c. of N.J.S. 2C:43-7, notwithstanding that extended terms are ordinarily discretionary with the court. The term of imprisonment shall, except as may be provided in N.J.S. 2C:35-12, include the imposition of a minimum term. The minimum term shall be fixed at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater, not less than seven years if the person is convicted of a violation of N.J.S. 2C:35-6, or 18 months in the case of a fourth degree crime, during which the defendant shall be ineligible for parole.

[Ibid.]
The extended sentence imposed by N.J.S.A. 2C:43-6(f) is mandatory. Although the prosecutor need only apply for the imposition of an extended term and establish eligibility by a preponderance of the evidence to meet the sentencing requirements, the prosecutor's authority under N.J.S.A. 2C:43-6(f) was subsequently limited by our Supreme Court in State v. Lagares, holding that to avoid arbitrariness, the prosecutor's initial decision to seek an extended term sentence must be governed by guidelines established by the Attorney General. 127 N.J. 20, 28, 601 A.2d 698 (1992).
One of the Attorney General's guidelines provides for waiver of the extended term on the basis of the remoteness of the prior conviction. It provides that waiver is appropriate if:
[D]efendant's prior record includes only convictions that are extremely remote, and the State determines that there is no reason to believe that defendant derived a substantial source of income from criminal activity at any time....
[State v. Kirk, 145 N.J. 159, 169, 678 A.2d 233 (1996) (emphasis added) (citing Attorney General Guidelines (Apr. 20, 1992)).][1]
The State argues that the judge erred in applying the standards of the persistent offender statute. N.J.S.A. 2C:43-3(a). It also urges that the application of the above remoteness guideline to the facts here would lead to the imposition of an extended term. We agree.
Defendant was previously convicted of possession with intent to distribute and receiving stolen property, for which he received a custodial term of five years imprisonment in March 1985. He therefore was incarcerated for some period of time. The exact amount of time, however, cannot be determined from this record. On September 14, 1994, less than ten years after his prior conviction for possession with intent to distribute, defendant was convicted of failure to deliver a controlled *553 dangerous substance to a law enforcement officer, a disorderly persons offense. See N.J.S.A. 2C:35-10(c).
We hold that in determining whether a predicate offense is too remote for purposes of waiver, the sentencing judge must consider intervening convictions, including disorderly persons convictions. We further hold that the time in which defendant was incarcerated cannot be considered in the evaluation as to whether he has led a law-abiding life. In the context of utilizing a prior conviction for impeachment purposes, our Supreme Court has observed that:
Remoteness cannot ordinarily be determined by the passage of time alone. The nature of the convictions will probably be a significant factor.... [I]t is appropriate for the trial court ... to consider intervening convictions between the past conviction and the crime for which the defendant is being tried.
[State v. Sands, 76 N.J. 127, 144-45, 386 A.2d 378 (1978).]
Moreover, we have held that a defendant's municipal court convictions can be considered in determining whether a defendant's prior convictions are too remote for impeachment purposes. See State v. McBride, 213 N.J.Super. 255, 267, 517 A.2d 152 (App.Div.1986).
Further, we note that the guidelines provide for waiver when the conviction is "extremely remote," not just remote. We cannot conclude that an arrest on January 10, 1997, resulting in a conviction for second-degree distribution of cocaine, that occurred within seven years of a disorderly person's conviction involving drugs, and, at best, within eleven years of his release from custody on a possession with intent conviction, satisfies the definition of "extremely remote." Because we are satisfied that defendant's predicate conviction is not extremely remote, we do not address his argument that his drug activity did not provide him a substantial source of income from crime. The guideline requires that a defendant satisfy both the "extremely remote" and the substantial income tests.
As our Supreme Court noted in Lagares, supra, the extended term for a repeat offender is the "norm." 127 N.J. at 33, 601 A.2d 698. A defendant has to meet a high threshold before judicial intervention is warranted in overturning the prosecutor's decision to seek an extended term under the guidelines. Ibid. Here, defendant has not met the threshold to overturn the State's motion for an extended term.
The trial judge mistakenly exercised his discretion in not granting the State's motion to sentence defendant to an extended term under N.J.S.A. 2C:43-6(f). We therefore reverse the sentence imposed on defendant's conviction for possession with intent to distribute and remand for resentencing to an appropriate extended term. In light of our holding on the State's appeal, no further discussion of defendant's cross-appeal is warranted.
Reversed and remanded for resentencing.
NOTES
[1] We note that the Attorney General's guidelines were amended as required by State v. Brimage, 153 N.J. 1, 706 A.2d 1096 (1998), effective May 20, 1998, subsequent to the date of defendant's trial and sentencing.