25 A.3d 1133 (2011)
421 N.J. Super. 547
STATE of New Jersey, Plaintiff-Respondent,
v.
Fabio SIMON, Defendant-Appellant.
Docket No. A-3142-04T2
Superior Court of New Jersey, Appellate Division.
Submitted November 10, 2010.
Decided April 12, 2011.
*1134 Olubukola O. Adetula, attorney for appellant (Robert A. Vort, Hackensack, on the brief).
Joseph L. Bocchini, Jr., Mercer County Prosecutor, attorney for respondent (Dorothy Hersh, Assistant Prosecutor, of counsel and on the brief).
Before Judges CUFF, SIMONELLI, and FASCIALE.
The opinion of the court was delivered by
CUFF, P.J.A.D.
A jury found defendant Fabio Simon guilty of first degree eluding police, N.J.S.A. 2C:29-2b (count one); third degree possession of a controlled dangerous substance (CDS) (marijuana), N.J.S.A. 2C:35-10a(1) (count two); possession of *1135 marijuana with intent to distribute, N.J.S.A. 2C:35-5a(1), -5b (count three); third degree possession of marijuana with intent to distribute near school property, N.J.S.A. 2C:35-7, 2C:35-5a(1), -5b (count four); and third degree resisting arrest, N.J.S.A. 2C:29-2a (count six). At sentencing, the judge imposed an extended term of seven years imprisonment with three years parole ineligibility on count one consecutive to count four. After merging counts two and three with count four, the judge sentenced defendant to a ten-year term of imprisonment with a five-year period of parole ineligibility, and a concurrent four-year term on count six. The aggregate term is seventeen years, eight years of which must be served without parole. The judge imposed the appropriate fees, fines, assessments, and penalties.
On appeal, defendant raises the following arguments:
Point I: The Law Division erred in sentencing defendant to an extended term.
Point II: The indictment was fatally defective because the matter was presented to the Grand Jury by a non-lawyer not authorized by law to do so.
The threshold issue for our consideration is whether the indictment is fatally defective because the case against defendant was presented to the grand jury by a law student intern in the Office of the Mercer County Prosecutor (Prosecutor's Office) rather than by an assistant prosecutor. Defendant argues that the rule promulgated by the Supreme Court governing appearances by law students bars the appearance of law students before a grand jury.
Courts generally are reluctant to intervene in the indictment process, State v. Hogan, 336 N.J.Super. 319, 338, 764 A.2d 1012 (App.Div.), certif. denied, 167 N.J. 635, 772 A.2d 937 (2001), and have held that "[a]n indictment should be disturbed only on the `clearest and plainest ground,'" State v. Perry, 124 N.J. 128, 168-69, 590 A.2d 624 (1991) (quoting State v. N.J. Trade Waste Ass'n, 96 N.J. 8, 18-19, 472 A.2d 1050 (1984)). However, if "the prosecutor's misconduct before a grand jury is extreme and clearly infringes upon the jury's decision-making function. . .," State v. Schamberg, 146 N.J.Super. 559, 564, 370 A.2d 482 (App.Div.), certif. denied, 75 N.J. 10, 379 A.2d 241 (1977), the indictment will be dismissed.
Generally, any motion based on defects in the grand jury process must be filed before trial. R. 3:10-2(c). This rule governing the timing of the motion recognizes the right of the State to cure any irregularity. See State v. Womack, 145 N.J. 576, 590, 679 A.2d 606 (State may re-present matter to a grand jury after indictment quashed), cert. denied, 519 U.S. 1011, 117 S.Ct. 517, 136 L.Ed.2d 405 (1996); State v. Hart, 139 N.J.Super. 565, 569, 354 A.2d 679 (App.Div.1976) (same). The rule also allows preservation of the issue because a guilty verdict is universally considered to render error in the grand jury process harmless. State v. Lee, 211 N.J.Super. 590, 599, 512 A.2d 525 (App. Div.1986), certif. denied, 108 N.J. 648, 532 A.2d 230 (1987); see also United States v. Mechanik, 475 U.S. 66, 70, 73, 106 S.Ct. 938, 942-43, 89 L.Ed.2d 50, 56, 58 (1986); State v. Manney, 24 N.J. 571, 583, 133 A.2d 313 (1957).
A court may permit the issue to be raised as late as the appeal, when a defendant raises a challenge to the grand jury process and the challenge presents an issue of public importance. See State v. Churchdale Leasing, Inc., 115 N.J. 83, 100 557 A.2d 277 (1989) (a double jeopardy defense raised for the first time on appeal). Here, it appears defendant contested *1136 the authority of a law student to present the State's case before the grand jury for the first time on appeal. In an August 2, 2005 order, we remanded the case to the trial court to develop a record of the grand jury presentation.
At the evidentiary hearing, the Mercer County Deputy First Assistant Prosecutor and the law student testified. The judge found that the Prosecutor's Office originally sought permission for a law clerk to appear on behalf of the State in several matters in 1976. Thereafter, the Deputy First Assistant Prosecutor, as the designee of the Prosecutor, filed a letter with the Administrative Office of the Courts (AOC) on May 18, 2004, naming the law student, who appeared before the grand jury, as a summer intern in the office. The judge found that the intern program conducted by the Prosecutor's Office during Summer 2004 complied with the requirements of Rule 1:21-3(b), which requires periodic notice to the AOC of law student participants and their assignments.
The judge did not resolve the issue of whether the intern's presentation of the State's case to the grand jury was permitted by Rules 3:6-6(a) and 3:6-7. Rather, the judge assumed the law student intern should not have been in the grand jury room, but found the petit jury's verdict of guilt rendered any error harmless.
The New Jersey Constitution states: "No person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury. . . ." N.J. Const. art. I, ¶ 8. The purpose of the grand jury "is to bring the guilty to trial and protect the innocent from unfounded prosecution." State v. Hogan, 336 N.J.Super. 319, 338, 764 A.2d 1012 (App.Div.), certif. denied, 167 N.J. 635, 772 A.2d 937 (2001); see also State v. Francis, 191 N.J. 571, 585-86, 926 A.2d 305 (2007). To support and protect these dual functions from interference or outside influence, only the grand jurors, prosecuting attorney, the clerk of the grand jury, the stenographer or operator of the sound recording equipment, and the witness under examination may be present when the grand jury is in session. R. 3:6-6(a). The grand jury may request the prosecutor, the stenographer or the sound equipment operator, and the clerk to leave its presence during its deliberations. Ibid.
A private party may not present an allegation of a crime to and seek an indictment from a grand jury. In re Grand Jury Appearance Request by Loigman, 183 N.J. 133, 149, 870 A.2d 249 (2005). Loigman was a private attorney who claimed a common law right to present evidence of a crime to a county grand jury. Id. at 135, 870 A.2d 249. The Court concluded that it was "unwilling to recognize a common law right to access to the grand jury by private citizens." Id. at 148, 870 A.2d 249. The Court was influenced by several factors, including the assignment of authority to present cases to the grand jury to the county prosecutors and their assistants, id. at 142, 870 A.2d 249; the absence of any statute, court rule, or opinion recognizing the right of a private citizen to present a case to a grand jury, id. at 138, 870 A.2d 249; and Loigman's failure to present his claim to any of the several agencies with subject-matter jurisdiction of the complaint, id. at 145-46, 870 A.2d 249. Finally, the Court also remarked that a private citizen is not subject to the Rules of Professional Conduct as are prosecutors. Id. at 144, 870 A.2d 249.
A law student participating in a clinical program is not an assistant prosecutor, but as an aide to the assistant prosecutor and under his or her tutelage, a law student cannot be considered a private citizen. Moreover, the Supreme Court has *1137 addressed the ability of third year students to appear in the trial courts.
The appearance of law students in the trial courts has evolved slowly but steadily over the years. The source rule, Rule 1:12-8A(c), was adopted on August 13, 1964, to be effective September 9, 1964. At that time and until 1969, an appearance by a third year law student was limited to representation of an indigent person referred to the student's law school by a legal aid society and only for matters "in the division of small claims" and for matters in the county district court as a judge or the presiding judge of that court specified with the approval of the Supreme Court.
Thereafter, in 1969, the rule was amended to substantially enlarge the opportunity for third year law students to represent litigants in court. As amended, the rule allowed a third year law student to represent litigants in all matters pending in the county district court, juvenile and domestic relations court, and the municipal courts. Pressler & Verniero, Current N.J. Court Rules, History and Analysis of Rule Amendments to R. 1:21-3 (2011) (www. gannlaw.com). The rule eliminated the supervisory role of the trial court judge and allowed appearances on a routine basis as long as the representation was in connection with a program submitted by an accredited law school or legal aid office and approved by the Supreme Court. Ibid.
In 1971, the rule was amended to allow appearance before any court or administrative agency. Ibid. A further rule amendment, effective September 1975, expanded program sponsors to include the Public Advocate, Public Defender, Attorney General, or county prosecutor. Ibid.
Effective September 1979, the rule was amended again to limit appearances to trial courts and agencies, but to expand program sponsors to any governmental agency and legal services project. Ibid. In October 1979, the rule was amended to permit an approved program to submit periodic reports to the AOC listing non-lawyer participants and their assignments. Ibid.
Rule 1:21-3(b) currently governs the ability of law students or law graduates to appear in the courts of this State. In its present form,
[a] third year law student at, or graduate of, a law school approved by the American Bar Association may appear before a trial court or agency in accordance with a program approved by the Supreme Court on submission by such law school, a legal aid society, legal services project, or an agency of municipal, county or state government.
[R. 1:21-3(b).]
If the student qualifies under this rule, he or she will "be permitted to appear and prosecute or defend an action in any court of this State. . . ." R. 1:21-1(a).
In fact, the evolution of Rule 1:21-3(b) reflects the initiation and expansion of clinical education. Justice O'Hern reflected on the purpose of clinical education in In re Determination of Executive Commission on Ethical Standards, 116 N.J. 216, 561 A.2d 542 (1989), in which he stated:
Clinical training is one of the most significant developments in legal education. Generations of law students, trained on the case method, were believed to be skilled in analysis but unskilled in serving client needs. The response has been for law schools to afford students "hands-on" experience in representing clients. That means participating in client interviews, investigations, preparation of pleadings, and, in permitted circumstances, appearing in court. We have changed our Court Rules to permit the supervised practice of law by third-year *1138 law students and recent graduates who are not yet admitted to the bar while participating in approved programs.
[Id. at 218-19, 561 A.2d 542.]
Defendant urges a strict interpretation of Rule 1:21-3(b); he contends that the grand jury cannot be considered a trial court. Therefore, he argues the appearance of the law student was unauthorized and tainted the indictment. Relying on Executive Commission, the State urges that clinical training of law students is acknowledged by the Supreme Court as a critical element of legal education and the recognized value of clinical training should inform our interpretation of the limits of the rule.
A grand jury serves an accusatory function. It also serves a protective function because no one can be required to stand trial for a criminal offense unless a grand jury finds probable cause of an accused's guilt and issues an indictment. Francis, supra, 191 N.J. at 585-86, 926 A.2d 305; Loigman, supra, 183 N.J. at 138, 870 A.2d 249.
The grand jury is considered "a judicial, investigative body, serving a judicial function; it is an arm of the court. . . ." Loigman, supra, 183 N.J. at 141, 870 A.2d 249; State v. White, 326 N.J.Super. 304, 312, 741 A.2d 143 (App. Div.1999), certif. denied, 163 N.J. 397, 749 A.2d 371 (2000).[1] Grand jurors are also considered officers of the court exercising functions of a judicial nature. State v. Vinegra, 73 N.J. 484, 497, 376 A.2d 150 (1977). Moreover, the assignment judge of each vicinage has plenary responsibility over the grand jury, White, supra, 326 N.J.Super. at 313, 741 A.2d 143; see also N.J.S.A. 2B:21-1 and Rule 3:6-1, and a Superior Court judge designated by the Chief Justice has responsibility over the State grand jury. N.J.S.A. 2B:22-1, -3, -5, and -7.
Here, the State presented evidence that the Prosecutor's Office law student intern program was approved in 1976. The State also presented evidence that it submitted the notice required by Rule 1:21-3(b) to the AOC designating the law student who presented the evidence to the grand jury that led to defendant's indictment. The judge found that the Prosecutor's Office complied with the requirements of the rule.
The presence of a prosecutor's intern as an observer in the grand jury and as the representative of the prosecutor presenting a matter to the grand jury is entirely consistent with the rule permitting the appearance of law students in the trial courts of this State as part of an approved clinical education program. The law student intern is governed by the Rules of Professional Conduct, see Rule 1:21-1(b), and there is evidence that an assistant prosecutor directly supervised the intern during his presentation. As a member of the prosecutor's staff, the intern's presence in the grand jury room does not run afoul of the strict restrictions on those who may be present in the grand jury room, Rule 3:6-6(a), or compromise secrecy of the grand jury proceeding, N.J.S.A. 2B:21-10; Rule 3:6-7. A law student who is a participant in an approved clinical education program and acts under the supervision of the prosecutor also does not subvert the constitutional role of the grand jury as a buffer between citizens and the State by determining *1139 in the first instance whether there is a basis to subject an accused to trial. State v. Hogan, 144 N.J. 216, 227, 676 A.2d 533 (1996). We, therefore, hold that the presentation of defendant's case to the grand jury does not vitiate the indictment.[2]
Finally, this alleged defect in the proceedings was known for some time. The first mention of any grand jury irregularities appeared in defendant's notice of appeal. Although we remanded the matter to the trial court to develop a record by which this issue could be reviewed, the notice of appeal is hardly the vehicle to question the integrity of the grand jury proceeding, especially when the basic information to challenge the indictment was known or knowable before the trial commenced. When, as here, there is also no suggestion that the deliberative process was tainted in any manner, we are not inclined to question or dismiss the indictment.
Defendant also argues that the judge should not have imposed an extended term on count four. He contends that the extended term is founded on a prior conviction that is too remote. We disagree.
N.J.S.A. 2C:43-6f mandates the imposition of an extended term when a defendant has been previously convicted of certain designated offenses, including possession of CDS with intent to distribute. In 1993, defendant pled guilty to third degree possession of CDS with intent to distribute on or near school property contrary to N.J.S.A. 2C:35-7, and third degree possession of CDS with intent to distribute in violation of N.J.S.A. 2C:35-5. Defendant received a four-year term of imprisonment subject to a three-year period of parole ineligibility for the school zone charge and a seven-year term of imprisonment for the possession with intent to distribute charge. In 2004, seven years after the expiration of the three-year parole ineligibility term and four years after expiration of the seven-year term, defendant was charged with the offenses for which he was tried in December 2004.
N.J.S.A. 2C:43-6f does not contain any language permitting waiver of an extended term because a prior conviction is remote. Nevertheless, in State v. Irrizary, 328 N.J.Super. 198, 204, 745 A.2d 550 (App. Div.), certif. denied, 164 N.J. 562, 753 A.2d 1154 (2000), this court held that a court could waive a mandatory extended term only if the qualifying prior conviction was "extremely remote." Notably, this court found that an arrest and subsequent conviction within seven years of a disorderly persons conviction involving drugs and within eleven years of his release from custody on another drug offense did not satisfy "the definition of `extremely remote.'" Ibid.
Defendant's prior conviction is an enumerated offense that triggers imposition of a mandatory extended term. We, like our colleagues in Irrizary, cannot hold that a seven-year-old prior conviction meets the definition of extremely remote.
Affirmed.
NOTES
[1] A federal grand jury is also considered an arm of the federal district court. See Camarota v. United States, 111 F.2d 243, 246 (3d Cir.) ("Since the grand jury is an arm of the district court, proceedings before it are to be regarded as being proceedings in the court."), cert. denied, 311 U.S. 651, 61 S.Ct. 16, 85 L.Ed. 416 (1940).
[2] Our research has revealed only two jurisdictions that explicitly address this situation. In Soper v. State, 731 P.2d 587, 591-92 (Alaska Ct.App.1987), the court refused to dismiss an indictment where a legal intern was present while the case was submitted because her presence did not unduly influence the grand jury. The court further noted that a legal intern could properly be considered a prosecutor for the purposes of Alaska's Criminal Rules. Id. at 591 n. 4. The Georgia Code authorizes third year law students to conduct grand jury proceedings. Ga.Code Ann. § 15-18-22 (2011).