# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0495-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROSA M. CALLE,

     Defendant-Appellant.

_____

Argued February 6, 2019 – Decided April 9, 2019

Before Judges Ostrer, Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-01-0290.

John W. Douard, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; John W. Douard, of counsel and on the briefs).

Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Matthew E. Hanley, of counsel and on the brief).

PER CURIAM

Defendant Rosa M. Calle appeals from her conviction of fourth-degree cruelty and neglect of a child in violation of N.J.S.A. 9:6-3, and the subsequent sentence. After reviewing her contentions in light of the record and applicable principles of law, we affirm.

We derive the following facts from the evidence presented at trial. Defendant's cousin hired her to take his three-year-old son, S.V. (Sean),[1] to daycare, pick him up afterwards, and watch him until the parents arrived to take him home at the end of the work day.

Defendant testified that on the day of these events, she picked Sean up from daycare and brought him back to her house. Noticing that the house was cold,[2] defendant put Sean on the couch and turned on the television. She then went to the basement to check and fix the boiler. When she came back upstairs, she realized Sean was missing. Defendant thought she was only out of the room for ten minutes.

---

[1] We use pseudonyms and initials to preserve the confidentiality of the child.

[2] These events took place in February. The police officer testified it was fifteen degrees outside.

A-0495-17T1

Armanmado Urias told the jury that when he left his home at 3:30 p.m. on the day of these events he saw Sean crying on the sidewalk. When Sean did not answer Urias's questions as to where he lived or the whereabouts of his mother, Urias placed Sean in his heated truck and called the police. Thereafter, Urias and a police officer walked with Sean for a block and a half, hoping the child might recognize his home. They also knocked on the doors of five homes, including that of defendant, but there was no answer.

The police officer also took Sean into a nearby grocery store and laundromat to see if anyone recognized the child. No one did. Because of the cold, the officer returned to his patrol car with Sean to warm him up. The police officer returned to defendant's home and rang the doorbell a second time. This time defendant answered the door and identified Sean as being in her care. The police officer estimated the child was out of defendant's home and sight for forty to fifty minutes.

The Division of Child Protection and Permanency investigated the allegations of child neglect later that evening. Defendant was subsequently charged in an indictment with one count of fourth-degree cruelty and neglect of a child, N.J.S.A. 9:6-3.

3

On October 7, 2016, the State rejected defendant's application for Pre-Trial Intervention (PTI).[3] In a comprehensive review of the factors listed under N.J.S.A. 2C:43-12(e), the prosecutor found defendant was "presumptively ineligible for PTI" because her "prior indictable 2010 conviction"[4] was "virtually identical" to the offense in this case.[5] In addition, defendant had only completed her probationary sentence four years prior to the PTI application.[6]

---

[3] Effective July 1, 2018, the former Rule 3:28, which contained several guidelines for PTI assessments, was revised and replaced by Rules 3:28-1 to -10. The new rules more closely track the statutory factors and case law. However, because defendant's PTI assessment was made on August 26, 2016, the former version of the rules apply. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 473 n.4 (2018) (applying "version of Rule 3:28 and the accompanying Guidelines and Comments that governed when [the defendant] was admitted to PTI").

[4] Defendant pleaded guilty to fourth-degree child neglect, N.J.S.A. 9:6-3, in 2010 after leaving her four children – aged three, four, six, and seven – alone at home. She was sentenced to one year of probation, which she completed in 2011.

[5] See Guidelines for Operation of Pretrial Intervention in New Jersey, Pressler & Verniero, Current N.J. Court Rules, Guideline 3(e), following R. 3:28 at 1234, (2017) (informing that defendants who have previously been convicted of a criminal offense should be excluded from consideration for PTI).

[6] See Pressler & Verniero, Guideline 3(e) to R. 3:28 at 1235 (explaining an application for PTI made within five years of a term of probation will "ordinarily not be considered for enrollment" unless it is a joint application by both the defendant and prosecutor).

A-0495-17T1

The prosecutor stated that admitting defendant to PTI "would depreciate the seriousness of her irresponsible crime," which was exacerbated "by defendant's refusal to accept full responsibility for her actions," demonstrated by her statement in support of the PTI application explaining the incident was "less than optimal parenting."

Despite concluding defendant was ineligible for PTI, the prosecutor nevertheless addressed all of the factors, finding numerous aggravating factors, and several mitigating factors. Because the "aggravating factors outweigh[ed] the listed mitigating factors," the prosecutor determined defendant did not qualify for admission into the PTI program. The denial letter advised defendant of the statutory ten-day timeframe under Rule 3:28(h)[7] for an appeal to the Law Division.

Three months later, in January 2017, defendant appealed the State's decision. Although the judge noted the tardiness of the appeal and defendant's ineligibility for PTI due to her prior conviction and time of completion of probation, he, like the State, addressed the application on its merits.

In a March 17, 2017 written decision, the judge concluded: "It is clear that after a previous conviction for the same crime, serving a term of supervisory

---

[7] Now codified as Rule 3:28-6(a).

A-0495-17T1

probation, and then committing the exact same crime a subsequent time, PTI is not likely to effectively correct [] [d]efendant's behavior." The judge also found the State had considered all of the statutory factors enumerated under N.J.S.A. 2C:43-12(e). Therefore, he asserted, "the State has not committed a patent and gross abuse of discretion in denying this [d]efendant's PTI application in light of the factors considered."

Defendant also moved to dismiss the indictment in January 2017. In response, the State re-presented the case to the grand jury, which returned an indictment charging defendant with one count of fourth-degree cruelty and neglect of a child, N.J.S.A. 9:6-3. Defendant's motion to dismiss the second indictment asserted the prosecutor had failed to satisfy the elements of the offense, and the definition of "neglect" was vague. In a May 8, 2017 written decision the judge denied the motion. He concluded there was sufficient evidence for the grand jury to issue the indictment, and that the charged offense, N.J.S.A. 9:6-3, and its definitions in N.J.S.A. 9:6-1 were not vague. He stated: "The language contained in these statutes provides sufficient notice to individuals about what behavior it seeks to prevent. Men of common intelligence would not differ in their understanding in what it means to neglect a child."

A-0495-17T1

During the trial, in the discussion of the proposed jury charge, defense counsel requested the judge alter the model jury charge by adding language that the mens rea must be proven as to each element of the offense. The judge declined to alter the model jury charge. Although the statute required the State to prove defendant <u>knowingly</u> neglected Sean, defense counsel also sought permission to argue to the jury the concepts of recklessness and negligence. The judge instructed counsel that he could only argue defendant did not act knowingly as to the neglect of the child. Defense counsel ignored the instruction and told the jury during his closing argument that it had to find defendant acted "knowingly" as to two elements of the offense.

During deliberations, the jury queried whether the State had to demonstrate defendant acted knowingly as to two elements of the offense. The judge re-read the model jury charge and added "The knowingly aspect relates to - - that [] defendant knowingly neglected the victim."

After the jury convicted defendant, the court sentenced her to a two-year term of probation, conditioned on attending parenting classes and forty hours of community service.

Defendant presents the following issues on appeal:

> THE JUDGE FAILED TO PROPERLY TAILOR THE MODEL JURY CHARGE FOR N.J.S.A. 9:6-3 TO

REFLECT THAT THE MENS REA FOR CRIMINAL NEGLECT APPLIES TO EVERY ELEMENT OF THE OFFENSE.

THE COURT ERRED IN DENYING [DEFENDANT'S] MOTION TO DISMISS COUNT ONE OF THE INDICTMENT BECAUSE THE GRAND JURY COULD NOT HAVE FOUND PROBABLE CAUSE THAT SHE NEGLECTED [SEAN] BY KNOWINGLY FAILING TO SUPERVISE HIM FOR A SUBSTANTIAL PERIOD OF TIME.

IN DENYING [DEFENDANT'S] PTI APPLICATION, THE PROSECUTOR APPLIED THE WRONG LEGAL STANDARD BY INSISTING THAT [] DEFENDANT SHOW "COMPELLING REASONS" FOR PTI ADMISSION, AND HE FURTHER ENGAGED IN A GROSS ABUSE OF DISCRETION BY FAILING TO INDIVIDUALLY EVALUATE [] DEFENDANT'S PTI APPLICATION.

THE TWO-YEAR PERIOD OF CONDITIONAL PROBATION WAS EXCESSIVE BECAUSE THE JUDGE FAILED TO TAKE INTO ACCOUNT MITIGATING FACTORS.

We begin by addressing defendant's argument regarding the jury charge, mindful that proper jury charges are "essential for a fair trial." State v. Koskovich, 168 N.J. 448, 507 (2001) (citation omitted). Our consideration of defendant's argument requires us to view the alleged error "in the totality of the entire charge." State v. Chapland, 187 N.J. 275, 289 (2006).

A jury charge is presumed to be proper when it tracks the model jury charge verbatim because the process to adopt model jury charges is "comprehensive and thorough" as the charges are "reviewed and refined by experienced jurists and lawyers." State v. R.B., 183 N.J. 308, 325 (2005) (instructing trial courts to follow model jury charges and read them "in their entirety to the jury").

Defendant was charged with violating N.J.S.A. 9:6-3, which states:

> Any parent, guardian or person having the care, custody or control of any child, who shall . . . be . . . neglectful of such child . . . shall be deemed to be guilty of a crime of the fourth degree.

Neglect of a child is defined under N.J.S.A. 9:6-1 as "any of the following acts, by anyone having the custody or control of the child: . . . (b) failure to do or permit to be done any act necessary for the child's physical or moral well-being."

Following the model jury charge, the judge instructed the jury that in order to find defendant guilty, the State must prove beyond a reasonable doubt three elements:

> 1) [T]hat the victim was a child; 2) that defendant was a person having the care, custody or control of the child; 3) that the defendant knowingly neglected the victim.
>
> . . . .

A-0495-17T1

The third element that the State must prove beyond a reasonable doubt is that [] defendant knowingly neglected [Sean] by failing to do or permit to be done any act necessary for his physical well-being. The State alleges that the defendant failed to properly supervise [Sean] thereby exposing him to physical harm.

A person acts knowingly with respect to the nature of her conduct or the attendant circumstances if she is aware that the conduct is of that nature or that such circumstances exist or the person is aware of a high probability of their existence. A person acts knowingly with respect to a result of the conduct if she is aware that it is practically certain that the conduct will cause such a result.

Other than tailoring the charge to the facts of this case, the judge tracked the model jury charge verbatim, making it presumptively valid. R.B., 183 N.J. at 325.

Defendant argues the trial judge erred in not modifying the model charge as he requested. He asserts the judge should have instructed the jury that the State had to prove beyond a reasonable doubt that defendant not only left Sean alone for a period of time, but also that she was "practically certain" that her act of leaving the child alone was "practically certain" to jeopardize his physical well-being. In other words, defendant sought to add language to the model jury charge that defendant must be practically certain that her behavior would harm the child.

A-0495-17T1

The additional language defendant requested is a misstatement of the law. The statute requires the State to demonstrate the defendant knowingly neglected the victim. As was done here, the jury is also instructed on the definition of "knowingly." As the judge advised during the jury charge and in response to the jury's question during deliberations, the State must only prove defendant was practically certain her behavior would neglect the child. The statute does not require the State to also demonstrate defendant was practically certain that her behavior would harm Sean. We are satisfied the jury charge properly tracked the model jury charge and, therefore, we can discern no reversible error.

For the reasons stated, we are also not convinced by defendant's contention that the judge should have charged the jury with the competing mental states of recklessness and negligence. Those mental states are not relevant to the pertinent statute. The third element of the offense requires defendant to have "knowingly" neglected the victim.

We further discern no abuse of discretion in the judge's denial of the motion to dismiss the indictment. A trial "court should dismiss an indictment 'only on the clearest and plainest ground,' and only when the indictment is manifestly deficient or palpably defective." State v. Twiggs, 233 N.J. 513, 531-32 (2018) (quoting State v. Hogan, 144 N.J. 216, 228-29 (1996)).

Similar to the arguments regarding the jury charge, defendant asserts the grand jury was not provided with the mens rea necessary for it to find defendant committed the charged offense. We find this argument meritless as the record reflects the grand jurors were read the statute before the proceedings began. Furthermore, because the jury returned a guilty verdict after an accurate jury charge, any alleged procedural deficiencies in the grand jury hearing were rendered harmless. U.S. v. Mechanik, 475 U.S. 66, 70 (1986); see, e.g., State v. Simon, 421 N.J. Super. 547, 551 (App. Div. 2011) ("[A] guilty verdict is universally considered to render error in the grand jury process harmless.").

We briefly address defendant's argument that she was wrongly denied entry into PTI. Our review of a prosecutor's decision to deny a defendant admission into PTI is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003). A reviewing court must accord the prosecutor "extreme deference." State v. Nwobu, 139 N.J. 236, 246 (1995) (quoting State v. Kraft, 265 N.J. Super. 106, 112 (App. Div. 1993)). A defendant seeking to overrule a prosecutor's rejection of a PTI application must "clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion." State v. Wallace, 146

N.J. 576, 582 (1996) (alteration in original) (quoting State v. Leonardis, 73 N.J. 360, 382 (1977)).

Defendant was ineligible for PTI due to her prior conviction for the same offense and her completion of probation within the five-year period prior to the subject offense. See Pressler & Verniero, Guideline 3(e) to R. 3:28 at 1234-35. Nevertheless, both the prosecutor and trial judge considered the factors enumerated under N.J.S.A. 2C:43-12(e), concluding the aggravating factors outweighed the mitigating factors. We are satisfied defendant has not established by clear and convincing evidence that the prosecutor's decision was a "patent and gross abuse" of his discretionary authority. State v. Bender, 80 N.J. 84, 93 (1979).

In turning to defendant's contentions regarding her sentence, and reviewing it for an abuse of discretion, we can discern no error. Although the State requested defendant serve 364 days in prison, defendant was sentenced to two years of probation and community service. She argues she should have only been given one year of probation.

The judge found applicable aggravating factor three, N.J.S.A. 2C:44-1(a)(3), the risk that defendant will commit another crime; aggravating factor six, N.J.S.A. 2C:44-1(a)(6), the extent of defendant's prior criminal record; and

A-0495-17T1

aggravating factor nine, N.J.S.A. 2C:44-1(a)(9), the need to deter "defendant and others from violating the law." He advised that "slight weight" was given to aggravating factor six because, although defendant was indicted for an identical offense, it had happened six years earlier and she had successfully completed her one-year probationary sentence.

As for the mitigating factors, the judge found mitigating factor six, N.J.S.A. 2C:44-1(b)(6), as she will participate in a community service program; mitigating factor seven, N.J.S.A. 2C:44-1(b)(7), defendant had led a law-abiding life for a "substantial period of time" before the present offense; mitigating factor ten, N.J.S.A. 2C:44-1(b)(10), defendant is likely to respond to probation; and mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11), imprisonment would entail excessive hardship to her dependents. He stated he was placing "a lot of weight on mitigating factor[s] ten" and eleven, explaining, "[i]f this [c]ourt were to impose a jail sentence on [defendant], essentially her children would become [wards] of the State."

Therefore, the judge found three aggravating factors and four mitigating factors, which weighed against imprisonment and in favor of probation. We are satisfied the trial court made appropriate findings as to the statutory factors and find no abuse of discretion in the imposed sentence.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION