# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5246-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PHILLIP A. DIXON,

     Defendant-Appellant.

_____

> Submitted May 13, 2019 – Decided May 22, 2019
>
> Before Judges Sabatino and Sumners.
>
> On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 85-06-1145.
>
> Phillip A. Dixon, appellant pro se.
>
> Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Linda A. Shashoua, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    In this pro se appeal, defendant Phillip A. Dixon seeks reversal of two decisions of Judge Kathleen Delaney dated April 24, 2018 and June 14, 2018

denying his requests for relief from his 1987 conviction and ensuing 1991 resentencing.

Defendant was charged with the murder of a thirteen-year-old girl, aggravated criminal sexual contact, and other offenses by a Camden County grand jury. Following a 1987 jury trial, defendant was found guilty of most of the counts of the indictment but not guilty of robbery. At that time, the death penalty in New Jersey was still in effect. The jury imposed the death penalty in the capital phase of the trial.

Defendant appealed as of right directly to the Supreme Court of New Jersey. In State v. Dixon, 125 N.J. 223 (1991), the Court vacated the death sentence because of jury instruction flaws in the capital phase. The matter was remanded for resentencing.

In November 1991, the judge who had presided over the trial resentenced defendant to an aggregate sentence of life plus five years, with a thirty-two-and-one-half-year parole disqualifier. Defendant sought post-conviction relief ("PCR"), which was denied by the trial court in July 1997. That PCR denial was affirmed on appeal by this court in February 2000. State v. Dixon, No. A-7031-96 (App. Div. Feb. 25, 2000). Certification was denied by the Supreme Court of New Jersey in September 2000. State v. Dixon, 165 N.J. 528 (2000).

2

According to the parties' briefs, defendant also pursued habeas corpus relief in the federal district court, which was denied in September 2004. That denial was upheld by the Third Circuit in February 2005, and certiorari was denied by the U.S. Supreme Court in October 2005. Dixon v. Cathel, 546 U.S. 891 (2005).

The present appeal arises out of what appellant in his pro se submission to the trial court described as motions for a new trial, to correct an illegal sentence, and for the appointment of counsel. Because his original May 2017 filing could not be located, a duplicate was resubmitted, and the matter was referred to Judge Delaney.

In her April 24, 2018 letter decision, Judge Delaney denied relief with respect to defendant's motions for a new trial and resentencing, finding the claims to be time-barred under Rule 3:20-2 and Rule 3:21-10.

Subsequently, in her June 14, 2018 letter, Judge Delaney denied defendant's motion for reconsideration. This letter focused on the fact that when the court resentenced defendant in November 1991, it was making use of a presentence report that was generated in 1987. Judge Delaney found that the 1987 presentence report was still "relatively current" and thus could be used at his 1991 resentencing on remand from the Supreme Court.

A-5246-17T1

Defendant now appeals these April 2018 and June 2018 rulings. He raises these points in his briefs:

POINT I

THE COURT ERRED IN DENYING APPELLANT'S MOTIONS WITHOUT ISSUING ADEQUATE FACTUAL FINDINGS AND A STATEMENT OF REASONS (PLAIN ERROR).

POINT II

THE COURT'S DECISION DENYING THE MOTION TO CORRECT AN ILLEGAL SENTENCE IS CONTRARY TO ESTABLISHED CASE LAW AND COURT RULES (PLAIN ERROR).

REPLY POINT I

RESPONDENT'S BRIEF IS OFF-POINT, FAILS TO ADDRESS THE ISSUES RAISED BY APPELLANT AND SHOULD BE IGNORED BY THIS COURT.

We reject defendant's arguments for both procedural and substantive reasons. We agree with Judge Delaney that defendant's arguments are procedurally barred and should have been raised long ago. There is also no substantive merit to his claims.

When the trial court resentenced defendant in 1991, it was not automatically required to have an updated presentence report. Even under

4

current case law, no such automatic requirement exists. State v. Randolph, 210 N.J. 330, 350 (2012).

Defendant also complains that Judge Delaney did not address his assertion that the assistant prosecutor allegedly told the grand jurors that the State did not have to prove penetration in order to support a charge of aggravated sexual assault. In its responsive brief on appeal, the State correctly points out that even if this argument was properly before this court, it has no merit. For one thing, the indictment charged defendant with aggravated criminal sexual contact, not sexual assault, so penetration was not required and would not have been required at the trial. In addition, case law provides that any flaws in the grand jury proceedings are generally rendered harmless if the jury finds defendant guilty at trial. See State v. Simon, 421 N.J. Super. 547, 551 (App. Div. 2011); State v. Cook, 330 N.J. Super. 395, 411 (App. Div. 2000).

Having carefully considered defendant's arguments, we find they have no merit. No further discussion is warranted. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5246-17T1